UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARK MANIBUSAN,

    Plaintiff

v.

NEVADA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants

Case No. 3:17-cv-00303-MMD-CBC

ORDER



## I. DISCUSSION

Plaintiff was a prisoner in the custody of the Nevada Department of Corrections ("NDOC") when he filed this action without an attorney. (ECF No. 1-1). On May 22, 2018, the Court screened that original complaint and gave Plaintiff leave to amend. (ECF No. 6.) Plaintiff subsequently filed a first amended complaint pro se. (ECF No. 9.) He then filed a supplement to that amended complaint. (ECF No. 10.) Plaintiff now has counsel, and counsel has filed a document entitled "Third Amended Complaint." (ECF No. 15.) Plaintiff has paid the full filing fee in this matter. (*See* ECF No. 8).

The general rule under 28 U.S.C. § 1915A is that "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from the governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

Section 1915A does not expressly differentiate between represented and unrepresented prisoner cases with regard to screening, and there is no authority addressing this issue. This Court typically does not screen § 1983 prisoner cases where the Plaintiff is represented by counsel. For one thing, the pleading obligations of an attorney under Fed. R. Civ. P. 11 tend to substantially reduce the incidence of claims that are frivolous or otherwise patently non-cognizable on their face. Pro se litigants are not

attorneys and should not be expected to know how to draft pleadings as if they were. Judicial screening of prisoner complaints serves to prevent prisoner complaints which are truly difficult, if not impossible to understand, from being served upon defendants. Screening of represented cases to decipher the allegations and claims is usually unnecessary. *See, e.g., Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding"); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended to "conserve judicial resources by authorizing district courts to dismiss non-meritorious prisoner complaints at an early stage"). Therefore, the Court will not screen the counseled third amended complaint. This case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Court will not issue a screening order on the third amended complaint.

IT IS FURTHER ORDERED that this case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

DATED THIS 17th day of April 2019.

UNITED STATES MAGISTRATE JUDGE