UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK MANIBUSAN, | Case No. 3:17-cv-00303-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

Plaintiff Mark Manibusan, who was formerly incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Renee Baker, Dwayne Baze, Tara Carpenter, James G. Cox, James Dzurenda, and Rhonda Larsen.[1] (ECF No. 15.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 79), recommending the Court grant Defendants' motion for summary judgment (ECF No.

---

[1]As noted in the R&R, Plaintiff also named other defendants in his operative complaint who were served, but then the Court improperly issued a notice of intent to dismiss them under Federal Rule of Civil Procedure 4(m). (ECF No. 79 at 1 n.2.) Although they have been served, these defendants have not otherwise appeared in this action. (*Id.*) But as Judge Baldwin recommends, and for the same reasons discussed below, the Court grants summary judgment in their favor because they are similarly situated to the Defendants who filed the Motion. *See* Fed. R. Civ. P. 54(f) (providing that the Court may enter summary judgment *sua sponte* after providing notice and an opportunity to respond, which Plaintiff received through the R&R and objection process, though he did not object to Judge Baldwin's recommendation to enter summary judgment in these defendants' favor); *see also Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) ("district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).

72 ("Motion")).[2] Plaintiff filed an objection to the R&R.[3] (ECF No. 80 ("Objection").) Because the Court agrees with Judge Baldwin's analysis as to Defendants' Motion, and in the Objection Plaintiff largely reiterates arguments that Judge Baldwin correctly addressed and rejected in the R&R, the Court will accept and adopt the R&R in full. Accordingly, and as further explained below, the Court will grant Defendants' Motion.

## II.     BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of Plaintiff's allegations in the third amended complaint ("TAC") provided in the R&R, along with her description of the case's procedural history, which the Court adopts. (ECF No. 79 at 2-4.)

## III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Plaintiff filed an Objection, the Court's review is de novo as to the portions of the R&R to which Plaintiff has objected. (ECF No. 80.)

///

---

[2]Plaintiff responded (ECF No. 75), and Defendants replied (ECF No. 78).

[3]Defendants responded to Plaintiff's Objection. (ECF No. 81).

2

## IV. DISCUSSION

The Court first addresses Plaintiff's First Amendment retaliation claim. The Court next considers Plaintiff's objections to Judge Baldwin's recommendations as to Plaintiff's Fourteenth Amendment "class of one" equal protection claim and *ex post facto* claim related to NRS § 209.4465(8).

### A. First Amendment Retaliation Claim

Judge Baldwin recommends the Court grant Defendants' Motion as to Plaintiff's First Amendment retaliation claim because Plaintiff did not address his retaliation claims in his opposition to Defendants' Motion (ECF No. 75) and therefore presented no argument or evidence to meet his burden at summary judgment. (ECF No. 79 at 8.) Plaintiff does not address nor object to Judge Baldwin's recommendation as to his First Amendment retaliation claim in his Objection. (ECF No. 80.) Because there is no objection as to this claim, the Court need not conduct de novo review. *See Thomas*, 474 U.S. at 149. The Court is satisfied that Judge Baldwin did not clearly err and therefore adopts Judge Baldwin's recommendation that Defendants' motion for summary judgment be granted as to Plaintiff's retaliation claim.

### B. Fourteenth Amendment "Class of One" Equal Protection Claim

As to Plaintiff's Fourteenth Amendment "class of one" equal protection claim, Judge Baldwin recommends that Defendants' Motion be granted because Plaintiff's claim is based on NDOC officials' application of *Vonseydewitz v. Legrand*, 131 Nev. 1360, 2015 WL 3936827 (Table) (Nev. 2015) (unpublished disposition) to Vonseydewitz but not to other prisoners, which fails as a matter of law because *Vonseydewitz* is not mandatory precedent under Nevada law in Plaintiff's case. (ECF No. 79 at 8-9.) Plaintiff objects to Judge Baldwin's recommendation and contends that it is "of no moment" that *Vonseydewitz* was an unpublished decision. (ECF No. 80 at 4.) Plaintiff then attempts to recast his argument as based on the text of NRS § 209.4465, although Plaintiff's argument at its core still relies on *Vonseydewitz*. (*Id.*) Plaintiff furthermore restates arguments that Plaintiff already made in Plaintiff's opposition to Defendant's Motion—that

3

Plaintiff has alleged and proven the elements of a "class of one" equal protection claim. (ECF No. 80 at 4-7; *see also* ECF No. 75 at 12-13.)

The Court finds Plaintiff's objection unpersuasive. First, the Court agrees with Judge Baldwin's analysis that, under Nevada Rule of Appellate Procedure 36(c)(2), the unpublished disposition in *Vonseydewitz* does not establish mandatory precedent for any NDOC official's decisions regarding Plaintiff. (ECF No. 79 at 9.) Plaintiff therefore cannot allege facts sufficient to show that he and Vonseydewitz were "similarly situated" and cannot successfully establish an equal protection claim. Second, as Defendants note, Plaintiff's objection "is essentially no objection at all" as it largely restates arguments previously presented in Plaintiff's opposition to Defendant's Motion. (ECF No. 81 at 4.) Judge Baldwin previously rejected those arguments because of the unpublished status of *Vonseydewitz*. (ECF No. 79 at 9.) The Court agrees with Judge Baldwin's determination and adopts her recommendation as to Plaintiff's equal protection claim. Defendants are therefore entitled to summary judgment on this claim.

### C.    *Ex Post Facto* Claim Related to NRS § 209.4465(8)

Judge Baldwin finally recommends that Defendants' Motion be granted as to Plaintiff's *ex post facto* claim because Plaintiff has not come forward with evidence that shows more than an incorrect interpretation and application of the law and because Plaintiffs' claims are otherwise barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 79 at 12-13.) Plaintiff objects to Judge Baldwin's recommendation by merely raising policy interests at stake in *Heck*. (ECF No. 80 at 7-8.) Plaintiff moreover reiterates verbatim arguments from Plaintiff's opposition to Defendants' Motion. (*Id.* at 8; *see also* ECF No. 75 at 14-15.)

The Court finds Plaintiff's objection unpersuasive because it does not directly address Judge Baldwin's determination that Plaintiff's *ex post facto* claim is *Heck*-barred nor Judge Baldwin's analysis that, even if proven, Defendants' incorrect application of NRS § 209.4465(8) would not be sufficient to demonstrate an *ex post facto* violation. (ECF No. 80 at 7-8; ECF No. 79 at 10-13.) And Plaintiff's restated arguments were previously

rejected by Judge Baldwin for these reasons. (*Id.*) Furthermore, the Court agrees with Judge Baldwin's determination that Plaintiff has not met his burden at summary judgment as to his *ex post facto* claim and that, in any case, Plaintiffs' claim is *Heck*-barred. (*Id.*) The Court therefore also accepts and adopts Judge Baldwin's recommendation as to Plaintiff's *ex post facto* claim and finds that Defendants are entitled to summary judgment on this claim.

V. **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 80) to the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin (ECF No. 79) is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 79) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 72) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 30th Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE